IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER R. MACK | ) |
| Plaintiff, | ) ) ) |
| -vs- | )  Civil Action 19-66 |
| ANDREW M. SAUL, | ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Jennifer R. Mack ("Mack") seeks review of a decision denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Mack filed her application in 2015 alleging an onset of disability on December 31, 1998. (R. 210-15) Her claim was denied initially and an ALJ postponed the initial hearing in order to allow Mack to obtain legal representation. (R. 15) Following a hearing during which both Mack and a vocational expert ("VE") appeared and testified, the ALJ denied benefits. Ultimately this appeal followed. The parties have filed Cross Motions for Summary Judgment. *See* ECF Docket Nos. 11 and 15. For the reasons set forth below. The ALJ's decision is affirmed.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

The ALJ denied benefits at the fifth step of the analysis. More specifically, at step one, the ALJ found that Mack has not engaged in substantial gainful activity since the alleged onset date through December 31, 1999, her date last insured. (R. 18) At step two, the ALJ concluded that Mack suffers from the following severe impairments: recurrent sinusitis and anxiety / depression disorders not otherwise specified. (R. 18) At step three, the ALJ determined that Mack did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18-19) Between steps three and four, the ALJ decided that Mack had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. (R. 19-23) At the fourth step of the analysis, the ALJ concluded that Mack was unable to return to her past relevant work. (R. 23-24) Ultimately, at the fifth step of the analysis, the ALJ concluded that, considering Mack's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she could have performed. (R. 24-25)

III. Discussion

(1) Step Two - Lupus

Mack challenges the ALJ's conclusion at step two that lupus did not constitute a severe impairment. (R. 18) The ALJ evaluated Mack's claim in this respect but rejected it. Discussing Mack's medical records, he noted that Dr. McMurtry:

> provided a detailed explanation in February 1999 why the claimant did not satisfy the diagnostic criteria for this disease. Objective examinations also produced no evidence of joint inflammation, skin rash, or reduced motor functioning (e.g., Ex. 1F; 2F/18). Whether or not the lupus was confirmed to have existed before 2000, the clinical evidence does not show it to be severe in that period.

(R. 22) The ALJ's decision is supported by substantial evidence in this regard. (R. 418-19). Mack cites to a number of complaints with which she presented to physicians and her own disclosure of lupus diagnosis to physicians. (R. 398-99, 400) Yet she can not identify any records in which a *physician* diagnoses her with lupus.

Additionally, even accepting Mack's position as correct for purposes of argument, such error was harmless because the ALJ found that Mack suffered from other impairments which did qualify as "severe." In other words, the ALJ did not end the analysis at the second step. *See Salles v. Commissioner of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007) (stating that, "[b]ecause the ALJ found in Salle's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."), *citing, Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). *See also, Roberts v. Astrue*, Civ. No. 8-625, 2009 U.S. Dist. LEXIS 91559, at * 5 (W.D. Pa. Sept. 30, 2009) (finding that, "[e]ven assuming that the ALJ failed to include all of the Plaintiff's severe impairments at step two, this would be harmless error, as the ALJ did not make his disability determination at this step. Indeed, remand would not affect the outcome of this case and is not warranted."); and *Bliss v. Astrue,* Civ. No. 8-980, 2009 WL 413757 (W.D. Pa. Feb. 18, 2009) (stating that, "as

long as a claim is not denied at step two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairments to be severe …. Since Plaintiff's claim was not denied at step two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's neuropathy and sleep apnea to be non-severe.") Accordingly, any alleged error was harmless, and Mack's contentions are rejected.

(2) Residual Functional Capacity

As stated above, the ALJ concluded that Mack had the RFC to perform sedentary work with certain restrictions. Mack challenges the ALJ's failure to recognize that she had significant non-exertional limitations related to her being off task for fifteen to twenty minutes every hour. *See* ECF Docket No. 12, p. 9-10. Specifically, Mack testified that she was off task approximately fifteen to twenty minutes each hour due to the need for restroom breaks. (R. 74) The ALJ posed a hypothetical to the VE which asked whether any of the jobs the VE had identified in response to an earlier hypothetical would be available if the individual would be off task greater than 15% of the workday. (R. 87) The VE responded that being off task more than 10% of the scheduled work would not be acceptable to most employers. (R. 87) Mack reasons that the ALJ should have accepted the VE's response to this hypothetical.

I disagree. That the ALJ may have posed hypotheticals which set forth the limitations which Mack proposes is not determinative. "Simply because a hypothetical was posed, does not mean that there was sufficient evidence to support it; the ALJ ultimately relies upon only credible, medically established limitations." *Menuto v. Astrue*, Civ. No. 11-264, 2012 WL 2594339, at * 9 (W.D. Pa. June 13, 2012) (*citations omitted*). It is well-settled that the law only requires an ALJ to include in hypotheticals posed to vocational

experts those limitations which are supported by the record. *See Podedworny v. Harris*, 754 F.2d 201, 218 (3d Cir. 1984) and *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's decision to exclude from the RFC breaks due to urinary frequency is supported by substantial evidence of record. The records indicate that Mack was treated with an antibiotic for a urinary tract infection. (R. 399, 936) Consequently, the RFC adequately reflects Mack's impairments.[1] The ALJ posed a question to the VE which accurately encompassed these impairments and the VE responded that there exist jobs in significant numbers within the national economy which Mack can perform. As such, I find no error or reason to remand.

(3) Other Jobs in the National Economy

Ultimately, the ALJ found that Mack was not entitled to benefits because, although she was not capable of performing her past relevant work, other jobs exist in significant numbers in the national economy that she can perform. In reaching this conclusion, the ALJ relied upon testimony from a VE that the positions of inspector, weight tester and / or sorter are consistent with Mack's RFC. (R. 25, 86-87) The VE explained that he gathered information for these jobs from the 2010 census produced by the U.S. Labor

---

[1] Mack references SSR 96-7p, contending that "[t]he objective medical evidence does not conflict with the Plaintiff's own statements about her physical ailments nor was there any other testimony or evidence which would contradict the Plaintiff's physical ailments." *See* ECF Docket No. 12, p. 10. SSR 96-7p, which addresses a claimant's credibility, was superseded by SSR 16-3p, which discusses the evaluation of symptoms in disability claims. SSR 16-3p was effective March 28, 2016 and consequently applies to the ALJ's decision in this case. Mack's assertions regarding any failure on the ALJ's part to evaluate symptoms appropriately is unpersuasive. Mack makes only vague reference to her statements and the absence of contradicting evidence. I decline to generate arguments on Mack's behalf. Further, the question before me is not:
> whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's findings…. Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of Health & Human Services*, 48 F.3d 114, 117 (3d Cir. 1995)…. If substantial evidence supports the ALJ's findings, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Hundley v. Colvin*, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016)

Department and that the testimony was consistent with the Dictionary of Occupational Titles. (R. 87-88)

Mack urges that the VE should have used data from a 1990 census rather than a 2010 census because the time period at issue is December 31, 1998. She contends that the VE did not present any evidence that the jobs he listed existed in 1999. Yet Mack has not cited to any case law or other authority mandating that the ALJ or VE was required to rely on a census from 1990. There is no suggestion that the jobs the VE identified, inspector, weight tester, or sorter, were unavailable in 1998. Further, the regulations specifically provide for an ALJ's reliance on a vocational expert. See 20 C.F.R. § 404.1566(e). The Third Circuit court also recognizes that "[t]he Commissioner can … rely on testimony from a [vocational expert] to meet its step-five evidentiary burden." *Zirsnak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014). Here, the vocation expert consulted upon census reports, which the regulations specifically endorse. See 20 C.F.R. § 404.1566(d)(3). Those reports may not be temporally related to the period of time at issue, but the regulations do not constrain the reports to be used.  As my peers have observed, "[i]t is not the province of this Court to reform the methodology that SSA VEs use to determine available and appropriate jobs in the national economy that match a claimant's RFC." *Mariani v. Commissioner of Social Security*, Civ. No. 18-14747, 2019 WL 5418092, at * 7 (D. N.J. Oct. 23, 2019). Given the routine reliance on VEs, as recognized in *Zirsnak*, the lack of any authority in support of Mack's argument, and the VE's testimony that his position is in accord with the Dictionary of Occupational Titles, I find no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JENNIFER R. MACK | ) | |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | Civil Action No. 19-66 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

# **ORDER OF COURT**

Therefore, this 12th day of February, 2020, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 15) is GRANTED and the Motion for Summary Judgment (Docket No. 11) is DENIED. It is further ORDERED that the Clerk of Courts mark this case "Closed" forthwith.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge